# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SOFIA T. GUILAS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No.: 2:09-cv-01241-GMN-RJJ |
| ) | |
| TOM BRAUER, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is a Motion for Final Judgment (ECF No. 54) and a Motion for Judgment (ECF No. 61). Both motions were filed by Plaintiff Sofia Guilas ("Plaintiff"). For the reasons that follow, this case is DISMISSED with prejudice, and Plaintiff's motions are DENIED as moot.

**I.     BACKGROUND**

Plaintiff's initial Complaint and Motion for Leave to Proceed *In Forma Pauperis* was filed with this Court on July 9, 2009. (ECF No. 1.)   On October 27, 2009, Magistrate Judge Robert J. Johnston held a hearing at which time he denied the Motion to Proceed *In Forma Pauperis* and the Complaint without prejudice. (ECF No. 23.)  Magistrate Judge Johnston gave Plaintiff until November 30, 2009 to re-file amended versions of both documents. (*Id.*)

Plaintiff filed a new Motion for Leave to Proceed *In Forma Pauperis* on October 30, 2009, (ECF No. 17), but did not file an Amended Complaint. On December 17, 2009, Magistrate Judge Johnston ordered Plaintiff to file an Amended Complaint by January 15, 2010, (ECF No. 35), but Plaintiff failed to do so.  At a hearing on May 10, 2010, Magistrate Johnston announced that he planned on recommending that this case be

dismissed due to Plaintiff's failure to file an Amended Complaint. (ECF No. 52.)  To this day, Plaintiff has not filed an Amended Complaint, nor have any of the named Defendants been served with summons of any sort.  Plaintiff has, however, filed a great number of frivolous motions, including:  a "Motion to Quash Any Dismissal or Obstruction of Justice or Any Attempt to Refute My Points and Authorities," (ECF No. 40); a "Motion for Automatic Winning of My Case," (ECF No. 30); and a "Motion to Retain Every Detail of My Documentations Except For the Remedy Request for My Supposed Salary from June 29, 2008 at Iram," (ECF No. 21).

**II.     DISCUSSION**

Federal trial courts have the power to dismiss a plaintiff's action with prejudice because of the plaintiff's failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962) (affirming dismissal for failure to prosecute based on attorney's unexcused failure to attend pretrial conference and other delays); *see also* Fed. R. Civ. P. 41(b).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 630-31.  Although dismissal is a harsh penalty, it is appropriate when a plaintiff fails to prosecute with "reasonable diligence," even in the absence of a showing of actual prejudice to the defendants due to the failure. *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

This case has remained on the Court's docket even though there has not been a governing Complaint for over one year, since October 27th of last year.  Magistrate Judge Johnston has given Plaintiff ample opportunity to file an Amended Complaint, but, yet, Plaintiff has failed to do so and has failed to provide any reasonable explanation for this failure.  Essentially, all Plaintiff has done is file frivolous motion after motion, the number of which is evident from the sixty-two (62) docket entries in this case despite the

fact that no defendants have ever been served.  As such, it is apparent that Plaintiff has failed to prosecute this case with reasonable diligence.

Nonetheless, a court must weigh five factors before dismissing a case for failure to prosecute: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).  The public's interest in expeditious resolution of litigation always favors dismissal, *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999), while public policy normally favors disposition of cases on the merits, *Pangtalunan v. Galaza*, 291 F.3d 639, 643 (9th 2002).

The Court's need to manage its docket certainly weighs in favor of dismissal here, as this Court and Magistrate Judge Johnston have been forced to devote substantial amounts of time to this case, even though there is currently no controlling Complaint on file.  By dismissing the case, the Court will be able to devote its time to other litigants in other cases who abide by the Court's directions and meet their deadlines.  Further, the risk of prejudice to the defendants grows as each day passes without an Amended Complaint being filed and without the defendants receiving notice of the pendency of this lawsuit.  As more time elapses from the date of the alleged events underlying this case, the more difficult it will be for Defendants to conduct useful discovery with regard to them.

Finally, dismissal with prejudice is appropriate because less drastic measures--such as warnings and the implementation of strict deadlines--have been attempted, but to no avail.  Because four of the five factors weigh in favor of dismissal, and because Plaintiff has failed to prosecute the case with reasonable diligence, this case will be dismissed.

## CONCLUSION

IT IS HEREBY ORDERED that this lawsuit is **DISMISSED with prejudice**. All pending motions are DENIED as moot.

DATED this 16th day of December, 2010.

_____
Gloria M. Navarro
United States District Judge